IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00610-KDB

SHUN MCRAE,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

    Defendant.

ORDER

**THIS MATTER** is before the Court on Plaintiff Shun McRae's Motion for Judgment on the Pleadings (Doc. No. 15) and Defendant's Motion for Summary Judgment (Doc. No. 17). Mr. McRae, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for a period of disability and disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. BACKGROUND

On June 2, 2017, Plaintiff filed an application for supplemental security income disability benefits under Title XVI of the Social Security Act, alleging that he had been disabled since November 4, 2015. (Tr. 10). Plaintiff's applications were denied initially and upon reconsideration. *Id.* After conducting a hearing on October 23, 2019, the Administrative Law Judge ("ALJ") denied his application in a decision dated November 25, 2019. (Tr. 10-22). On September 1, 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. McRae has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. McRae was disabled under the law during the relevant period.[2] At step one, the ALJ found that Mr. McRae had not engaged in substantial gainful activity ("SGA") since his alleged onset date and at step two that he had several medically determinable and severe impairments: schizophrenia and depressive disorder. (Tr. 13). However, the ALJ found at step three that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App.

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

1. (Tr. 14). The ALJ then determined that Mr. McRae had the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. 416.967(c) with the following limitations:

> He can frequently climb, balance, stoop, kneel, crouch, and crawl. He can understand, remember, and carry out jobs with a specific vocational preparation (SVP) level of 3 or less; i.e., jobs that involve primarily simple, routine tasks and simple instructions. He can maintain concentration, persistence and pace on work tasks for at least two-hours at a time, and as required to complete a normal workday and workweek.

(Tr. 16).

At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a companion, (Tr. 20), and at step five concluded that other jobs (including store laborer, hand packager, and industrial cleaner) existed in significant numbers in the national economy that Plaintiff — given his age, education, work experience and RFC — could perform. (Tr. 20-21). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from June 2, 2017 through the date of her decision. (Tr. 22).

### III. LEGAL STANDARD

District courts review an ALJ's Social Security disability determination pursuant to the standard set out in 42 U.S.C. § 405(g). The decision of the ALJ must be upheld if the ALJ "applied the correct legal standards" and if the "factual findings are supported by substantial evidence." *Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Though the "threshold for such evidentiary sufficiency is not high," it requires that "more than a mere scintilla" of evidence support the ALJ's findings. *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). In undertaking this review, it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585,

589 (4th Cir. 1996). However, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

## IV. DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because (1) the ALJ's RFC does not account for Plaintiff's ability to stay on task with a moderate limitation in concentration, persistence, or pace (CPP) and (2) the RFC's non-exertional restrictions are insufficient to reflect a moderate limitation in CPP. Plaintiff primarily relies on *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); however, *Mascio* does not require a remand. Unlike in *Mascio*, the ALJ here adequately explained how she reached the limitations in her RFC finding as discussed below. (Tr. 15-18).

The ALJ found persuasive the opinions of State agency psychological consultants Drs. Kendra McCarty, Psy.D., and April Strobel-Nuss, Psy.D., rendered in September 2017 and January 2019, respectively, as both consistent with and supported by the medical evidence and the opinions of prior consultants who reviewed evidence in plaintiff's prior claim. (Tr. 19-20). Dr. McCarty stated on September 11, 2017, that Plaintiff is mentally able to perform simple, work-related tasks. (Tr. 89). She wrote that Plaintiff "should be able to maintain attention and concentration in order to complete simple, routine tasks." (Tr. 91). Likewise, Dr. Strobel-Nuss on January 9, 2019, found that Plaintiff is "capable of sustaining concentration/attention for time needed to perform simple, routine, repetitive tasks. (Tr. 109).

Furthermore, the ALJ specifically noted that Plaintiff acknowledges that he follows written and spoken instructions "very well" and he finishes what he starts despite alleged medication side effects. (Tr. 15). In fact, the ALJ stated that in a June 29, 2017, adult Function Report completed by Plaintiff, he indicated he could pay attention for two hours without a break and could finish

what he started. *Id.* The ALJ's decision reflects that the Plaintiff admitted that he retains the concentration and attention needed to care for special needs adults. Plaintiff reported his then current employment status working four hours a day Monday through Friday caring for adults with special needs. (Tr. 17). The ALJ pointed out that, in this Function Report, Plaintiff stated that he takes his clients "out into the community for different activities, like going to the mall or movies." *Id.* The ALJ concluded, "[t]he fact that he is able to adhere to a schedule every day doing work that can be emotionally and physically taxing is at odds with his testimony that he is incapable of thinking clearly, concentrating, or maintaining the stamina needed to do basic daily tasks." *Id.* Additionally, the ALJ observed that Plaintiff "testified that he generally cannot shop, but in his Function Report he alleged that he shopped in stores two or three times a week . . . for groceries, clothing, accessories, etc. and that his shopping trips took '2 to 4 hours' depending on what [he was] shopping for." (Tr. 18).

Finally, the ALJ pointed out that, upon examination at the hearing, Plaintiff's attention and concentration had been fair, and his thought processes had been linear, logical, and goal-directed, without any evidence of loose associations, flight of ideas, or tangential thinking. (Tr. 15).

In sum, the Court has carefully reviewed the record, the authorities, and the parties' arguments. The ALJ applied the correct legal standards and her conclusion is supported by substantial evidence. Therefore, the ALJ's decision must be affirmed.

## V. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 15) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 17) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

Signed: September 14, 2021

Kenneth D. Bell
United States District Judge